UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
EDDY MELENDEZ, individually and on behalf of all others
similarly situated,

                                                                                Civil Action No.

                                  Plaintiff,

                    -against-                           **COMPLAINT**

LL FLOORING, INC. f/k/a LUMBER LIQUIDATORS INC.
a/k/a LL FLOORING DESIGNS, and LESTER LOCKWOOD,

                                  Defendants.
------------------------------------------------------------------------X

       Plaintiff Eddy Melendez, individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, LL Flooring Inc., formerly known as Lumber Liquidators Inc., also known as LL Flooring Designs, and Lester Lockwood (together, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

       1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.* ("NJWHL"); and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL").

       2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

       3.     This Court has supplemental jurisdiction over the claims arising under the NJWHL and NJWPL pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2(b).

7. LL Flooring, Inc. is a limited liability company with its principal place of business located at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Blvd., Ewing, NJ, 08628. The address of its headquarters is 4901 Bakers Mill Lane, Richmond, VA, 23230.

8. LL Flooring, Inc. provides hardwood flooring design, flooring installation, and floor polishing services to commercial locations throughout New Jersey and New York.

9. Lester Lockwood is an individual residing, upon information and belief, in the state of New Jersey.

10. At all relevant times, Lockwood was, and still is, an officer, director, owner, shareholder and/or person in control of LL Flooring, Inc. who exercises significant control over LL Flooring, Inc.'s operations. Lockwood has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of pay for employees; and maintain employment records.

11. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

12. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

13. At all relevant times, Defendants were responsible for compensating Plaintiff.

14. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

15. Defendants operate in interstate commerce.

16. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

17. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

18. The FLSA Collective Plaintiffs consist of no less than fifteen (15) similarly situated current and former workers employed by Defendants, who work or worked in excess of forty (40) hours per week and are or were victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation.

19. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice include, *inter alia*, failing to pay employees at the applicable overtime rates for all hours worked in excess of forty (40) per week.

20. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

21. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

22. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations on Behalf of Plaintiff

23. Defendants employed Plaintiff as a construction worker in or around April 2018 until on or around April 11, 2022.

24. Plaintiff's job duties included pouring concrete into floors, designing flooring plans for customers, and polishing the flooring once installed.

25. Throughout his employment, Plaintiff's regularly scheduled hours were Mondays through Fridays from between approximately 5:00 a.m. until approximately 5:00 p.m. totaling an average of approximately sixty (60) hours per week.

26. Throughout his employment, Plaintiff was compensated at a fixed hourly rate for all hours worked, including those over forty (40) per week.

27. From in or around April 2018 until in and around April 2019, Defendants paid Plaintiff $16 per hour for all hours worked, including those over forty (40) per week.

28. From in or around April 2019 through in or around April 2020, Defendants paid Plaintiff $18 per hour for all hours worked, including those over forty (40) per week.

29. From in or around April 2020 through in or around April 2021, Defendants paid Plaintiff $20 per hour for all hours worked, including those over forty (40) per week.

30. From in or around April 2021 until the end of Plaintiff's employment on or around April 11, 2022, Defendants paid Plaintiff $24 per hour for all hours worked, including those over forty (40) per week.

31. Plaintiff was required to track his own hours and email the hours and days worked to Defendants every week, along with his pay rate and computation of money owed to him. Defendants paid Plaintiff every week through a mobile application.

### V. Claims Common to Plaintiff and the FLSA Collective Plaintiffs.

32. While employed with Defendants, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees pursuant to the FLSA, and were entitled to overtime compensation.

33. Despite routinely working in excess of forty (40) hours per week, Plaintiff and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half (1.5) times their regular hourly rates or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

34. Instead, Defendants compensated Plaintiff and the FLSA Collective Plaintiffs at a fixed hourly rate for all hours worked, including those worked over forty (40) per week.

35. Defendants violated the FLSA by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs the overtime compensation due them.

36. Defendants knew or should have known that their failure to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation violated the FLSA, and/or they acted in reckless disregard of federal wage and hour laws.

37. Plaintiff and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

38. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

39. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

40. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

41. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week.

42. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

43. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages complied with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one-hundred percent (100%) of their unpaid wages.

44. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF**
*(Overtime Violations under the NJWHL)*

45. Plaintiff, repeats and realleges all prior allegations set forth above.

46. Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to overtime wages of one and one-half (1.5) times his regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

47. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

48. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

49. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

50. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two-hundred percent (200%) of his unpaid wages.

51. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
*(Failure to Timely Pay Wages in Violation of the NJWPL)*

52. Plaintiff repeats and realleges all prior allegations.

53. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

54. Defendants also failed to pay all wages due to Plaintiff not later than the regular payday for the pay period in which he was terminated, in violation of N.J.S.A. 34:11-4.3.

55. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, including overtime wages and other pay, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

56. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action on behalf of Plaintiff for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Plaintiff for all unpaid wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) interest;

e) costs and disbursements; and

f) such other and further relief as is just and proper.


Dated:  New York, New York
        July 8, 2022

                                        */s/ Nicole Grunfeld*
                                        Nicole Grunfeld
                                        KATZ MELINGER PLLC
                                        370 Lexington Avenue, Suite 1512
                                        New York, New York 10017
                                        (212) 460-0047
                                        ndgrunfeld@katzmelinger.com
                                        *Attorneys for Plaintiff*